UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––––––– x

MLG ARCHITECTS, LLP,

        Plaintiff,

   -against-

RB CAPITAL LTD d/b/a Reuben Brothers,
GRAMERCY PARK HOUSE LLC,
GARDINER & THEOBALD INC.,
BKSK ARCHITECTS LLP, and
TREVOR STAHELSKI,

        Defendants.

––––––––––––––––––––––––––––––––––––––––– x

22 Civ. 0704 (JGK)(SDA)

## **CONFIDENTIALITY STIPULATION AND CONSENT PROTECTIVE ORDER**

  The Parties, by and through their undersigned counsel, hereby stipulate and agree as follows and respectfully request entry of this Confidentiality Stipulation and Consent Protective Order (the "Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

  1. The following provisions of this Protective Order govern the access to, use, treatment and distribution of Information (as defined below) produced in this action by a party or a non-party which elects to have this Protective Order govern access to, use, treatment and distribution of its Information (each a "Producing Person"), including Information which is in good faith designated by the Producing Person as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order. For purposes of this Protective Order, "Information" includes documents, discovery responses and deposition testimony and any informal discovery responses. This Protective Order shall be effective and binding upon the parties immediately upon the parties'

[1173947-2]

execution, regardless of when it is entered by the Court. A non-party may elect to be covered by this Stipulation and Order by complying with the provisions of Paragraph 19 hereof.

2. A Producing Person may designate material or information, whether embodied in documents or otherwise, things, deposition testimony, responses to formal or informal discovery requests, or other materials, as "Confidential" or "Attorneys' Eyes Only." No such designation shall be made unless the Producing Person believes in good faith that the designated material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and that the designation is necessary to protect such person's interests. The designation shall be made by affixing a marking on the Confidential Information prior to production "Confidential," or "Attorneys' Eyes Only" or as otherwise provided for in this Protective Order.

3. The term "Confidential," when employed by any Producing Person, means Information that is confidential, proprietary, and not known to the general public. As a general guideline, and without limitation, Information may be designated "Confidential" when it contains personal or business financial information, including, but not limited to, customer information, business relations, or any other matter that would put the Producing Person at a competitive disadvantage if the information became known to third parties.

4. Information designated as "Confidential" shall be maintained in confidence by the party or parties to whom such material is produced (the "Receiving Party") and shall not be disclosed to any person except:

    (a) the Court and its officers, *and personnel*; [JGK/L initials]

    (b) the Receiving Party's counsel and counsel's regularly employed office staff, and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

    (c) the employees and agents of the Receiving Party having a need to know the Information in connection with the prosecution or defense of this action;

    (d)    employees of the Receiving Party who are entitled to see the Information as part of the scope of their employment duties, and those individuals reflected as having seen or received, or the individual who authored, the designated material;

    (e)    third-party experts or consultants retained by the Receiving Party's counsel of record, and the employees of such experts and consultants who are assisting them, engaged by counsel of record or a party to assist in this litigation, pursuant to the procedures in paragraph 11 *infra*;

    (f)    any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

    (g)    witnesses deposed in this action or who appear as witnesses at any hearing or trial in this action who authored, received, were copied on, or otherwise had prior non-wrongful access to the Information involved; and

    (h)    such other persons having a need to know the Information in connection with the prosecution or defense of this action as hereafter may be designated by written agreement of the Parties or by order of the Court, such order obtained on noticed motion (or shortened time as the Court may allow), permitting such disclosure.

5.    The term "Attorneys' Eyes Only," when employed by any Producing Person, means only Information likely to compromise or threaten important recent, business or financial interests of the Producing Person if disclosed to a party to this action. Information shall be designated "Attorneys' Eyes Only" sparingly and only when the Producing Party in good faith considers such designation absolutely necessary.

6.    Information designated as "Attorneys' Eyes Only" shall be maintained in confidence by the Receiving Party and shall not be disclosed to any person except:

    (a)    the Court and its officers;

    (b)    the Receiving Party's retained outside litigation counsel of record and the outside litigation counsel of record's partners, associates and regularly employed office staff involved in the prosecution or defense of the action; and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

(c) those individuals expressly reflected as having seen or received, or who have had non-wrongful access to, or the individual who authored, the designated Information;

(d) third-party experts or consultants retained by the Receiving Party's counsel of record, and the employees of such experts and consultants who are assisting them, pursuant to the procedures in paragraph 11 *infra*;

(e) any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case; and

(f) such other persons having a need to know the information in connection with the prosecution or defense of this action as hereafter may be designated by written agreement of the Parties or by order of the Court, such order obtained on noticed motion, permitting such disclosure.

7. The protection of this Protective Order may be invoked with respect to any Information by the Producing Person as follows: With respect to documents, the copy of the document, when produced, shall bear the clear and legible legend "Confidential" or "Attorneys' Eyes Only." With respect to answers to interrogatories or requests for admissions, when served, the pages of those responses containing "Confidential" or "Attorneys' Eyes Only" Information, and the specific Information being so designated, shall be so marked. With respect to any deposition, Information shall be designated "Confidential" or "Attorneys' Eyes Only" on the record at such deposition. Alternatively, any Information may be designated "Confidential" or "Attorneys' Eyes Only" by specific identification by Counsel of Record for the Producing Person to Counsel of Record for the Receiving Parties in writing at any time after initial production or disclosure of the Information, or of delivery of a deposition transcript, provided, however, that such subsequent designation shall not affect anything occurring prior to the receipt thereof by Counsel of Record for a Receiving Party.

8. Information produced without the designation of "Confidential" or "Attorneys' Eyes Only" may be so designated subsequent to production if the Producing Person failed to make

such designation at the time of production through inadvertence or error or upon the discovery of additional information that provides a basis for designating the material as "Confidential" or "Attorneys' Eyes Only." If Information is so designated subsequent to production, such subsequent designation shall not affect anything occurring prior thereto, however, the Receiving Party shall use reasonable efforts promptly to collect any copies that have been provided to individuals other than those authorized to receive said Information.

9. Nothing herein shall prohibit any party from seeking an order that designated or redacted Information is not entitled to: (i) "Confidential" or "Attorneys' Eyes Only" treatment, or (ii) be redacted, in whole or in part. If the Receiving Party objects to the designation or redaction of Information then the Receiving Party shall first make its objection known to the Producing Person in writing and request any change of designation that is desired. The parties shall confer concerning such objection within seven (7) calendar days. If a resolution is not achieved within seven (7) calendar days after receipt of such written notice, then the Receiving Party may file a noticed motion with the Court, or invoke such other informal procedure on notice as the Court shall permit, for an order seeking: (i) removal of the challenged designation, or (ii) an *in camera* disclosure and review of the redacted Information to determine whether redactions were proper. In any motion or informal procedure pursuant to this paragraph, the Producing Person shall bear the burden of proof and the burden of persuasion that the challenged designation or redaction was appropriate. Any Information designated "Confidential" or "Attorneys' Eyes Only" shall remain subject to the terms of this Protective Order unless and until the Court rules otherwise concerning the designation.

10. If "Confidential" or "Attorneys' Eyes Only" Information is to be the subject of examination in the deposition of non-party witnesses who have not previously seen the

Information, then the following procedures shall apply. First, neither "Confidential" nor "Attorneys' Eyes Only" Information shall be provided to any such person without the Designating Party's prior written consent or oral consent during a deposition on the record, or without permission by the Court. Such consent shall not be unreasonably withheld by the Designating Party. Second, after receiving such consent, the party seeking to use the "Confidential" or "Attorneys' Eyes Only" Information during a deposition shall obtain a Certificate of Consent to be Bound by Protective Order (the "Certificate of Consent") from the witness who is shown the Information in the form attached hereto. Use of "Confidential" or "Attorneys' Eyes Only" information in the deposition of any party witness shall be governed by paragraphs 3 and 5 above.

11. The Parties may give, show, disclose, make available, or communicate any Information designated as "Confidential" or "Attorneys' Eyes Only" to any third-party expert or consultant retained by a Party's Counsel of Record for purposes of this litigation provided that any such expert or consultant first signs the Certificate of Consent. Nothing in this Protective Order shall create any requirements for the disclosure of experts, consultants, or other witnesses by the Parties beyond those requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the Local Rules of the Court.

12. All discovery material, whether designated as "Confidential" or "Attorneys' Eyes Only" or not, shall be used solely for the prosecution or defense of claims in this action and any appeals arising from this action, and shall not be used for any business, commercial, competitive, personal or other purpose, including any other litigation.

13. Within ninety (90) calendar days of the conclusion of this action and any related appeals arising from this action, at the written election of the Producing Person all discovery material designated as "Confidential" or "Attorneys' Eyes Only," including, but not limited to,

6

documents produced pursuant to discovery and confidential portions of deposition transcripts, and all copies thereof, shall be returned to the Producing Person or, at the option of the Receiving Party, the opposing counsel shall certify in writing to Counsel of Record for the Producing Person that such material has been destroyed. Notwithstanding the prior provisions of this paragraph, Counsel of Record for the Parties may retain for archival purposes one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits and one complete set of documents filed with the Court and appearing on the docket for this civil action and file copies of documents prepared by counsel that may contain protected information, provided, however, that such Information shall remain subject to the provisions of this Protective Order.

14. Any party or non-party joining in this Protective Order shall file any document that contains Information designated "Confidential" or "Attorneys' Eyes Only" under seal in accordance with applicable procedures of Section VI of the Court's Individual Rules of Practice and the Clerk's Office, and shall file a redacted copy of such document without the information designated "Confidential" or "Attorneys' Eyes Only" on the public record within a reasonable time.

15. The restrictions set forth in this Protective Order shall not apply to Information or material that (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order, (b) is lawfully obtained by a party to this action from a non-party pursuant to a subpoena authorized by Rule 45 of the Federal Rules of Civil Procedure if: (i) the non-party does not designate the Information it is producing as Confidential or Attorneys' Eyes only, and (ii) pursuant to Rule 45, the requesting party has given notice of the subpoena to the other party to this action, (c) the Receiving Party can show by documentary evidence was independently developed

by it, or (d) was obtained by means not involving the breach of any duty or agreement, or other wrongful act.

16. In the event that a Receiving Party discloses any "Confidential" or "Attorneys' Eyes Only" Information to a person or entity not entitled under this Protective Order to receive such Information, the Receiving Party, upon discovery of the disclosure, shall immediately: (a) inform the Designating Party of the discovery of the disclosure; (b) inform the person or entity receiving the disclosed "Confidential" or "Attorneys' Eyes Only" Information that the disclosure, discussion, dissemination, and use of such Information is governed by the terms of this Protective Order; (c) provide the person or entity receiving the disclosed Information with a copy of this Protective Order; (d) make all reasonable and diligent efforts to retrieve any disclosed documents or materials; and (e) make all reasonable and diligent efforts to have the receiving party execute the Certificate of Consent.  Furthermore, the person or entity receiving the disclosed "Confidential" or "Attorneys' Eyes Only" Information must: (a) return the Information to the disclosing party within three (3) business days after receiving a copy of this Protective Order from the party who produced such Information; (b) not further disclose, discuss, disseminate, or use the Information for any purpose; (c) notify any person or entity to whom they disclosed, discussed, or disseminated the Information with or to that the disclosure, discussion, dissemination, and use of such Information is governed by the terms of this Protective Order;  (d) provide the person or entity receiving the disclosed Information with a copy of this Protective Order; (e) make all reasonable and diligent efforts to retrieve any disclosed documents or materials, and (f) make all reasonable and diligent efforts to have the receiving party execute the Certificate of Consent.

17. Pursuant to Fed. R. Evid. 502(d), a Producing Person's disclosure or production of any Information in this action shall not, for the purposes of this action or any other action or

proceeding, constitute a waiver by such Producing Person of any privilege or protection applicable to such Information, including, without limitation, the attorney-client privilege, work product protection and any other privilege or protection recognized by law. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of Information under this Protective Order. Specifically, there has been no waiver if a Producing Person discloses privileged or protected Information, regardless of whether the Producing Person took reasonable steps to prevent the disclosure or to rectify any error. Upon discovery by a Producing Person that Information produced is, in such person's view, subject to a privilege or protection such Producing Person may notify the Receiving Party and request return of any such Information, as well as any and all copies which may have been made by the Receiving Party. However, nothing herein shall prevent the Receiving Party from seeking a determination by the Court as to whether the Information in question is, in fact, protected by the privilege or protection claimed absent a waiver. In connection with any such determination, the Producing Party shall bear the burden of proof and burden of persuasion that such Information is subject to the claimed privilege or protection.

18. In the event any non-party who has signed this Protective Order or any Party to this action has in its possession, custody or control any "Confidential" or "Attorneys' Eyes Only" Information and receives a subpoena or other process or order to produce such Information, that non-party or Party shall notify in writing the attorneys of record of the Party or non-party claiming such confidential treatment of the documents sought by such subpoena or other process or order, and shall furnish those attorneys with a copy of said subpoena or other process or order, within a time period that will provide those attorneys with a reasonable amount of time to respond and raise appropriate objections, and shall cooperate with respect to any procedure sought by the Party or non-party whose interests may be affected. The Designating Party asserting the confidential

treatment shall have the burden of defending against such subpoena, process or order. The non-party or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party or non-party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

19. Any non-party may join in this Protective Order by executing the attached Stipulation of Non-Party to Join Protective Order (the "Stipulation"), and shall have all rights and obligations under the Protective Order as the Parties. This Protective Order shall be without prejudice to the right of any Party or non-party to oppose production of any requested Information or Confidential Information, or Attorneys' Eyes Only Information, on any ground, and joining this Protective Order shall not constitute a waiver of any objections to production of, or to the admissibility of said information or material or any portion thereof.

20. A non-party who signs the Stipulation may designate documents and Information as "Confidential" or "Attorneys' Eyes Only" in the manner set forth in this Protective Order, and such non-party's Information shall be treated in the same manner as the Information of a Party to this action.

19. This Stipulation and Order shall not affect:

(a) any Producing Person's right to use the Information it designated "Confidential" or "Attorneys' Eyes Only" in its unfettered discretion;

(b) any Producing Person's right to object to any discovery demand on any ground;

(c) any Party's right to seek an order compelling discovery with respect to any discovery demand; or

(d) any Party's right to object to the admissibility of any Information on any ground.

20. The designation of any material in accordance with this Protective Order as constituting or containing "Confidential" or "Attorneys' Eyes Only" Information is intended solely to facilitate the prosecution or defense of this Action. A Receiving Person's treatment of such material as confidential in compliance with this Stipulation and Order is not an admission or agreement by such person that the material constitutes or contains confidential or proprietary information, or that the Producing Person's designation is otherwise appropriate.

21. This Protective Order may only be modified by: (i) the Parties' written agreement, or (ii) a Court order, such order obtained on noticed motion or other proceeding on notice, upon a showing of good cause for modification.

22. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

Dated: New York, New York
       June 28, 2022

                Respectfully submitted,

                TANNENBAUM HELPERN
                SYRACUSE & HIRSCHTRITT, LLP

                By: s/ L. Donald Prutzman
                    L. Donald Prutzman
                Vincent J. Syracuse
                900 Third Avenue
                New York, New York 10022
                (212) 508-6700
                  Attorneys for Plaintiff

REED SMITH LLP


By: s/John C. Scalzo
   John C. Scalzo
Peter D. Raymond
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
 Attorneys for Defendants RB RB Capital, Ltd
 d/b/a Reuben Brothers, Gramercy Park House
 LLC, and Trevor Stahelski


ZETLIN & DECHIARA LLP


By s/Bill P. Chimos
   Bill P. Chimos
David A. Beatty
36 East 20th Street
New York, NY 10003
(212) 286-8585
 Attorneys for Defendants Gardiner &
 Theobald Inc.


MILBER MAKRIS PLOUSADIS & SEIDEN, LLP


By s/Daniel Folchetti
   Daniel Folchetti
Jeffrey J. Fox
100 Manhattanville Road, Suite 4E20
Purchase, New York 10577
(914) 231-8012
 Attorneys for Defendant BKSK Architects LLP

SO ORDERED:

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.

6/29/22

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So ordered 6/29/22 /s/ J.G. Koeltl U.S.D.J.

12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――― x
:
MLG ARCHITECTS, LLP,                                                        :           22 Civ. 0704 (JGK)(SDA)
                                  Plaintiff,                                        :
                                                                                        :
          -against-                                                                 :
                                                                                        :
RB CAPITAL LTD d/b/a Reuben Brothers,                          :
GRAMERCY PARK HOUSE LLC,                                        :
GARDINER & THEOBALD INC.,                                        :
BKSK ARCHITECTS LLP, and                                            :
TREVOR STAHELSKI,                                                       :
                                  Defendants.                              :
――――――――――――――――――――――  x

## STIPULATION OF NON-PARTY TO JOIN PROTECTIVE ORDER

The undersigned having consented hereto, it is hereby stipulated that Non-Party _____ joins in the Protective Order having all rights and obligations under the Protective Order as any party to this action.

Dated: _____, 202__.

_____

Name: _____

Title: _____

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MLG ARCHITECTS, LLP,

                    Plaintiff,

      -against-

RB CAPITAL LTD d/b/a Reuben Brothers,
GRAMERCY PARK HOUSE LLC,
GARDINER & THEOBALD INC.,
BKSK ARCHITECTS LLP, and
TREVOR STAHELSKI,

                    Defendants.

------------------------------------------------------------ x

22 Civ. 0704 (JGK)(SDA)

## **CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, having read and understood the Protective Order entered in the above-captioned matter on _____, 20__, which governs the disclosure, discussion, dissemination, and use of documents and other information designated as "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Date: _____, 20___.

                                               Name: _____

                                               Address: _____

                                                                    _____

                                                                    _____